# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# COLUMBUS DIVISION

| | |
|---|---|
| S.F.A., | : |
|     Petitioner, | : |
| v. | :   Case No. 4:25-cv-129-CDL-AGH |
| | :   28 U.S.C. § 2241 |
| PAM BONDI, *et al.*, | : |
|     Respondents. | : |

## RECOMMENDATION OF DISMISSAL

Pending before the Court is Petitioner's application for habeas relief (ECF No. 1), and Respondents' second motion to dismiss (ECF No. 16). On July 1, 2025, Respondents notified the Court that Petitioner had been removed from the United States to Ghana. Resp'ts' 2nd Mot. to Dismiss 1, ECF No. 16. In support, Respondents submitted an I-205 Warrant of Removal/Deportation showing that Petitioner was removed from the United States on June 17, 2025. Resp'ts' Ex. A, at 2, ECF No. 16-1. Due to Petitioner's removal, Respondents move to dismiss his petition as moot. Resp'ts' 2nd Mot. to Dismiss 1-3. The Court recommends that the motion be granted.

"Article III of the Constitution limits the jurisdiction of federal courts to the consideration of 'Cases' and 'Controversies.'" *Soliman v. United States*, 296 F.3d 1237, 1242-43 (11th Cir. 2002) (citing U.S. Const. art. III, § 2, and finding appeal moot where petitioner was removed from the United States). "The doctrine of mootness derives directly from the case or controversy limitation because an action that is moot cannot be characterized as an active case or controversy." *Id.* at 1242 (internal quotation marks

omitted). "[P]ut another way, a case is moot when it no longer presents a live controversy with respect to which the court can give meaningful relief." *Id.* (internal quotation marks omitted). "Therefore, '[i]f events that occur subsequent to the filing of a lawsuit or an appeal deprive the court of the ability to give the plaintiff or appellant meaningful relief, then the case is moot and must be dismissed.'" *Id.* (quoting *Al Najjar v. Ashcroft*, 273 F.3d 1330, 1336 (11th Cir. 2001)).

Here, Petitioner sought an order granting him a writ of habeas corpus and release from custody. Pet. 9, ECF No. 1. Petitioner was removed from the country to Ghana and appears to no longer be in Respondents' custody. Resp'ts' Mot. to Dismiss 1-3; Resp'ts' Ex. A, at 2. Petitioner did not respond to the second motion to dismiss.[1] Because Petitioner is no longer in Respondents' custody, the Court can no longer give Petitioner any meaningful relief, the case is moot, and "dismissal is required because mootness is jurisdictional." *Al Najjar*, 273 F.3d at 1336.

It is therefore **RECOMMENDED** that Respondents' second motion to dismiss (ECF No. 16) be **GRANTED** and Petitioner's application for habeas corpus relief (ECF No. 1) be **DISMISSED as moot**.[2] Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this Recommendation, or seek an extension of time to file objections, within FOURTEEN (14) DAYS after being served with a copy hereof.

---

[1] The Court sent notice (ECF No. 17) to Petitioner of his right to respond to Respondents' second motion to dismiss, but the notice was returned as undeliverable because he was no longer at the detention facility. Mail Returned, ECF No. 19. The Court has no other address for Petitioner.

[2] Prior to Petitioner's removal, Respondents moved to dismiss on the grounds that Petitioner could not establish his entitlement to release under *Zadvydas v. Davis*, 533 U.S. 678 (2001) and because the Court either lack jurisdiction over his remaining claims or those claims were not cognizable. Resp'ts' 1st Mot. to Dismiss 5-16, ECF No. 9. The Court **RECOMMENDS** that Respondents' first motion to dismiss be **DENIED AS MOOT**.

Any objection should be no longer than TWENTY (20) PAGES in length. *See* M.D. Ga. L.R. 7.4. The district judge shall make a *de novo* determination of those portions of the Recommendation to which objection is made. All other portions of the Recommendation may be reviewed for clear error.

The parties are hereby notified that, pursuant to Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."

**SO RECOMMENDED**, this 15th day of August, 2025.

                                         s/ *Amelia G. Helmick*
                                         UNITED STATES MAGISTRATE JUDGE